IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AURELIO HERNANDEZ-GUINAC, #13908-029, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 16-cv-00731-SMY |
| UNITED STATES OF AMERICA and FEDERAL BUREAU OF PRISONS, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Aurelio Hernandez-Guinac, an inmate who is currently incarcerated at Greenville Federal Correctional Institution ("FCI-Greenville"), brings this *pro se* action against the United States of America and the Federal Bureau of Prisons pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. According to the Complaint, Plaintiff suffered a medical emergency on December 23, 2015, after slipping and falling down five stairs in Unit 4A at FCI-Greenville (Doc. 1, pp. 1-3). He entered the unit during a heavy downpour. The hallway was wet. The gray plastic covering on the stairs was severely worn. The "dimples" that normally prevent the stairs from becoming slippery actually caused hazardous conditions to develop on the stairs (*id*.). Prison officials were aware of the dangerous conditions but posted no signs in the area to warn prisoners about the situation. As a result, Plaintiff slipped and fell down five steps, sustaining serious injuries.

When prison officials found him in the common area of Unit 4A, Plaintiff was being propped up into a standing position by three inmates. He was extremely pale in color and

"dazed" (*id*.). Speaking in broken English, Plaintiff attempted to tell the prison officials what happened to him. He complained of lower back and neck pain.

Plaintiff was immediately strapped to a backboard and placed in a "C-Collar" (*id*.). After being immobilized, he was taken to the prison's healthcare unit where medical staff determined that he should be sent to Greenville Hospital for emergency evaluation and treatment. He was diagnosed at the hospital with a fractured lumbar vertebra, a herniated disc and a closed spinal cord injury (*id*. at 3).

Plaintiff now claims that these injuries could have been avoided. Prison officials allegedly knew that the stair coverings in Unit 4A were worn and required replacement. These officials were also allegedly aware that the hallway and stairs were wet after the rainstorm. Even so, they failed to post "caution" or "wet floor" signs in the area. Plaintiff claims that their conduct amounted to negligence, for which the United States and Federal Bureau of Prisons should be held liable. He seeks $21,000 in monetary damages against these defendants (*id*.).

## **Merits Review Under 28 U.S.C. § 1915A**

This matter is before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

Accepting the allegations in the Complaint as true, the Court finds that Plaintiff has articulated a colorable claim (**Count 1**) against the United States under the Federal Tort Claims

Act, 28 U.S.C. §§ 1346(b), 2671-2680. Accordingly, Count 1 is subject to further review against the United States.

However, Plaintiff's FTCA claim shall be dismissed with prejudice against the Federal Bureau of Prisons. An action under the FTCA must be brought against the United States, in its own name, and not in the name of a federal agency, even when that agency has a statutory power to sue and be sued. *Hughes v. United States*, No. 11-CV-800-WDS, 2013 WL 750057, at *1 (S.D. Ill. Feb. 27, 2013) (citations omitted). The only proper defendant in an FTCA action is the United States. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) (citing *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) ("[T]he United States . . . would be the proper defendant for tort claims involving acts of the named officials within the scope of their employment."); *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981) ("Plaintiff has no cause of action . . . [under the FTCA] against an employee, her exclusive remedy being an action against the United States."); 28 U.S.C. § 2679(b)(1)). Accordingly, Count 1 shall be **DISMISSED with prejudice** against the Federal Bureau of Prisons.

### Pending Motion

Plaintiff has filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 4), which will be addressed in a separate Order of this Court.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED with prejudice** against Defendant **FEDERAL BUREAU OF PRISONS**, based on Plaintiff's failure to state a claim against this defendant upon which relief may be granted. Further, the Clerk is **DIRECTED** to **TERMINATE** Defendant **FEDERAL BUREAU OF PRISONS** as a party in CM/ECF.

**IT IS ORDERED** that **COUNT 1** is subject to further review against Defendant **UNITED STATES OF AMERICA**. With regard to **COUNT 1**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a Summons for service of process on Defendant **UNITED STATES OF AMERICA**. The Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the Summons, the Complaint (Doc. 1), and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the Summons, the Complaint (Doc. 1), and this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel

once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to United States Magistrate Judge **Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1)

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a

transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 29, 2016**

s/ STACI M. YANDLE
United States District Judge
